UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 15-15823 |
| ARS CAPITAL INVESTMENTS, LLC | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER GRANTING MOTION FOR ORDER APPROVING AND/OR AUTHORIZING THE SALE OF 3985 168TH STREET, COUNTY CLUB HILLS, ILLINOIS 60478 TO DEMETRIUS MARSHALL**

This matter having come before the Court on the Debtor's Motion for Order (A) Approving the Contract and the Sale of the Property (the "Motion"), with respect to the sale of that certain Real Property commonly known as 3925 West 168th Street, Country Club Hills, Illinois 60478, (the "168th Street Property"), as more specifically described in the Motion, due Proof of Service of all parties entitled to Notice, the Court being advised, therefore, it is hereby

ORDERED that the relief requested in the Motion is granted, subject in all respects to the terms and conditions contained in this Order; and it is further

ORDERED the notice given of this Motion is sufficient; and it is further

ORDERED that the Contract, is hereby approved in its entirety, a copy of which was attached to the Motion and the terms of which are incorporated herein by reference and that the failure specifically to include any particular provisions of the Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract be authorized and approved in its entirety; and it is further

ORDERED that the Debtors are authorized and directed to sell the 168th Street Property, including the land as more particularly described in the Contract, the improvements thereon, and all personal property specified in the Contract to Demetrius Marshall pursuant to Section 363(b) of the Bankruptcy Code; and it is further

ORDERED that the transfer of the 168th Street Property to Demetrius Marshall pursuant to the Contract as approved by this Order (a) is or shall be a legal, valid, and effective transfer of the 168th Property; authorized and directed pursuant to the Bankruptcy Code, and (b) vests or shall vest Demetrius Marshall with all right, title, and interest of the Debtors in and to the 168th Street Property, free and clear of all liens, claims and encumbrances (other than Demetrius Marshall's obligations under the Contract), the mortgage of HSI Investors, Inc./Accent Funding LLC and 2014 and 2015 real estate taxes, to the full extent of Section 363 of the Bankruptcy Code; and it is further

ORDERED that Debtors are authorized and directed to execute and deliver the documentation and other items constituting Seller's deliveries in accordance with the terms and conditions of the Contract, and to take any and all other actions necessary and appropriate to effectuate the transactions contemplated by the Contract including, without limitation, the execution and delivery of all instruments and documents set forth in the Contract without further order of this Court; and it is further

ORDERED that the sale of the 168th Street Property to Demetrius Marshall is authorized to occur on substantially the same terms and conditions set forth in the Contract accepted on June 9, 2015 between the Debtors and Demetrius Marshall, subject to the modifications stated herein, which shall include the following terms and conditions:

a. The Debtor shall sell the bankruptcy estate's interest in the 168th Property and other property subject

to the Contract to Demetrius Marshall on an "AS IS, WHERE IS" basis, free and clear of any liens, claims, interests, assessments and encumbrances, pursuant to 11 U.S.C. § 363, with any valid liens, claims, interests, assessments and encumbrances (which valid liens and interests shall include the mortgage lien of HSI Investors, Inc. and the 2014 and 2015 real estate taxes), shall attach to the proceeds of sale to the fullest extent under Section 363(f) of the Bankruptcy Code (provided, that it is agreed that Debtors may transfer the 168th Property described in the Contract subject to the Permitted Exceptions described in the Contract, which Permitted Exceptions may have been extinguished pursuant to this Order, but which extinguishment or non-extinguishment is not a condition precedent to Purchasers' obligation to close under the Contract);

b. Demetrius Marshall shall pay Debtors the sum of One Hundred Twenty Three Thousand Dollars ($123,000.00) (the "Purchase Price") to purchase the 168th Street Property upon the closing of the transactions under the Contract, subject to adjustments and pro-rations as set forth in the Contract, as follows:

(i) Demetrius Marshall has paid an initial earnest money deposit in the amount of One Thousand Dollars ($1,000.00), which amount shall be contributed toward Purchasers' obligation to pay the Purchase Price under the Contract.

(ii) The balance of the Purchase Price, subject to pro-rations and adjustments as set forth in the Contract, shall be paid in cash at closing and distributed (or caused to be distributed) as set forth in this Order.

c. Upon receipt of the Purchase Price and upon satisfaction of the terms and conditions of the Contract, Debtors shall convey all of its interest in the 168th Street Property and other property subject to the Contract to Demetrius Marshall by Deed and shall evidence the conveyance of any personal property to Demetrius Marshall by Bill of Sale, as may be required by the Contract; and it is further

ORDERED that the Debtors had and have (i) full power and authority to execute the Contract and all other documents contemplated thereby and the sale of the 168th Street Property, all appropriate action has been taken by the Debtors and no further consents or approvals are required for consummation of the Contract; and it is further

ORDERED that the Debtors are authorized to and shall pay and/or satisfy at closing (and shall cause any title company or other closing agent handling the closing of the transactions under the Sale Contract to pay), from the Purchase Price, in order of priority, (i) closing costs; (ii) any other amounts owed pursuant to any pro-rations required by the Contract; (iii) any and all taxes and outstanding sewer and other utility liens running with the 168th Street Property as provided under the Contract;(iv) the balance of the mortgage lien to HSI Investors, Inc./Accent Funding LLC; and (v)Real Estate Taxes for 2014 and 2015 and it is further

ORDERED that this Court retains jurisdiction to interpret, enforce and implement the terms and provisions of the Contract, including all attachments thereto, all amendments thereto, any waivers and consents thereunder, and of each of the documents executed in connection therewith in all respects, including, but not limited to, retaining such jurisdiction to (a) compel delivery of the 168th Street Property to Demetrius Marshall, (b) resolve any disputes arising under or related to the Contract, (c) interpret, implement, and enforce the provisions of this Sale Order, and (d) protect TDemetrius Marshall against any Claims against or encumbrances on or in the 168th Street Property.

.

Enter:

Honorable Pamela S. Hollis
United States Bankruptcy Judge

Dated:  July 16, 2015

**Prepared by:**