UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 15-15823 |
| ARS CAPITAL INVESTMENTS, LLC | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER GRANTING MOTION FOR ORDER APPROVING AND/OR AUTHORIZING THE SALE OF 14535 VINE AVENUE, HARVEY, ILLINOIS TO LARRY KIZZY**

 This matter having come before the Court on the Debtor's Motion for Order (A) Approving the Contract and the Sale of the Property (the "Motion"), with respect to the sale of that certain Real Property commonly known as 14535 Vine Avenue, Harvey, Illinois 60426, (the "Vine Avenue Property"), as more specifically described in the Motion, due Proof of Service of all parties entitled to Notice, the Court being advised, therefore, it is hereby

 ORDERED that the relief requested in the Motion is granted, subject in all respects to the terms and conditions contained in this Order; and it is further
 ORDERED the notice given of this Motion is sufficient; and it is further
 ORDERED that the Contract, is hereby approved in its entirety, a copy of which was attached to the Motion and the terms of which are incorporated herein by reference and that the failure specifically to include any particular provisions of the Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract be authorized and approved in its entirety; and it is further
 ORDERED that the Debtors are authorized and directed to sell the Vine Avenue Property, including the land as more particularly described in the Contract, the improvements thereon, and all personal property specified in the Contract to Larry Kizzy pursuant to Section 363(b) of the Bankruptcy Code; and it is further
 ORDERED that the transfer of the Vine Avenue Property to Larry Kizzy pursuant to the Contract as approved by this Order (a) is or shall be a legal, valid, and effective transfer of the Vine Avenue Property; authorized and directed pursuant to the Bankruptcy Code, and (b) vests or shall vest Larry Kizzy with all right, title, and interest of the Debtors in and to the Vine Avenue Property, free and clear of all liens, claims and encumbrances (other than Larry Kizzy's obligations under the Contract), the mortgage of Gail Stamler and 2014 and 2015 real estate taxes, to the full extent of Section 363 of the Bankruptcy Code; and it is further
 ORDERED that Debtors are authorized and directed to execute and deliver the documentation and other items constituting Seller's deliveries in accordance with the terms and conditions of the Contract, and to take any and all other actions necessary and appropriate to effectuate the transactions contemplated by the Contract including, without limitation, the execution and delivery of all instruments and documents set forth in the Contract without further order of this Court; and it is further
 ORDERED that the sale of the Vine Avenue Property to Larry Kizzy is authorized to occur on substantially the same terms and conditions set forth in the Contract accepted on July 8, 2015 between the Debtor and Larry Kizzy, subject to the modifications stated herein, which shall include the following terms and conditions:
 a. The Debtor shall sell the bankruptcy estate's interest in the Vine Avenue Property and other property

subject to the Contract to Larry Kizzy on an "AS IS, WHERE IS" basis, free and clear of any liens, claims, interests, assessments and encumbrances, pursuant to 11 U.S.C. § 363, with any valid liens, claims, interests, assessments and encumbrances (which valid liens and interests shall include the mortgage lien of Gail Stamler and the 2014 and 2015 real estate taxes), shall attach to the proceeds of sale to the fullest extent under Section 363(f) of the Bankruptcy Code (provided, that it is agreed that Debtors may transfer the Vine Avenue Property described in the Contract subject to the Permitted Exceptions described in the Contract, which Permitted Exceptions may have been extinguished pursuant to this Order, but which extinguishment or non-extinguishment is not a condition precedent to Purchasers' obligation to close under the Contract);

b. Larry Kizzy shall pay Debtors the sum of fifty-three Thousand Dollars ($53,000.00) (the "Purchase Price") to purchase the Vine Avenue Property upon the closing of the transactions under the Contract, subject to adjustments and pro-rations as set forth in the Contract, as follows:

(i) Demetrius Marshall has paid an initial earnest money deposit in the amount of Six Hundred Dollars ($600.00), which amount shall be contributed toward Purchasers' obligation to pay the Purchase Price under the Contract.

(ii) The balance of the Purchase Price, subject to pro-rations and adjustments as set forth in the Contract, shall be paid in cash at closing and distributed (or caused to be distributed) as set forth in this Order.

c. Upon receipt of the Purchase Price and upon satisfaction of the terms and conditions of the Contract, Debtors shall convey all of its interest in the Vine Avenue Property and other property subject to the Contract to Larry Kizzy by Deed and shall evidence the conveyance of any personal property to Larry Kizzy by Bill of Sale, as may be required by the Contract; and it is further

ORDERED that the Debtors had and have (i) full power and authority to execute the Contract and all other documents contemplated thereby and the sale of the Vine Avenue Property, all appropriate action has been taken by the Debtors and no further consents or approvals are required for consummation of the Contract; and it is further

ORDERED that the Debtors are authorized to and shall pay and/or satisfy at closing (and shall cause any title company or other closing agent handling the closing of the transactions under the Sale Contract to pay), from the Purchase Price, in order of priority, (i) closing costs; (ii) any other amounts owed pursuant to any pro-rations required by the Contract; (iii) any and all taxes and outstanding sewer and other utility liens running with the Vine Avenue Property as provided under the Contract;(iv) the balance of the mortgage lien to Gail Stamler; and (v)Real Estate Taxes for 2014 and 2015 and it is further

ORDERED that this Court retains jurisdiction to interpret, enforce and implement the terms and provisions of the Contract, including all attachments thereto, all amendments thereto, any waivers and consents thereunder, and of each of the documents executed in connection therewith in all respects, including, but not limited to, retaining such jurisdiction to (a) compel delivery of the Vine Avenue Street Property to Larry Kizzy, (b) resolve any disputes arising under or related to the Contract, (c) interpret, implement, and enforce the provisions of this Sale Order, and (d) protect Larry Kizzy against any Claims against or encumbrances on or in the Vine Avenue Property.

.

Enter: *Jacqueline P. Cox*

Honorable Jacqueline Cox

Dated: September 03, 2015

United States Bankruptcy Judge

**Prepared by:**